267 P.3d 786 (2011)
In re FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC.
Wilmington Trust FSB, as Administrative Agent, Appellant,
v.
A1 Concrete Cutting & Demolition, LLC; A Company Portable Restrooms, Inc., d/b/a A Company, Inc.; A Track-Out Solution LLC; Abatix Environmental Corp., d/b/a Abatix Corp.; Absocold Corporation, d/b/a Econ Appliance; Absolute Metals, LLC; Ahern Rentals, Inc.; Air Design Technologies, LLC; Air Systems, Inc.; AirTek Products LLC; AK Constructors, Inc.; Alabama Metal Industries Corporation; Allegheny Millwork PBT, d/b/a Allegheny Millwork & Lumber Co.; Allen Drilling Inc.; Alpine Steel LLC; American Air Balance Co., Inc.; American Crane & Hoist Erectors, LLC; American Metal Fabricators LLC; American Pacific Excavation Inc.; American Sand & Gravel, Ltd.; Anixter Inc., d/b/a Anixter International Inc.; Apex Concrete Cutting and Coring, Inc.; Arcelormittal International America, LLC; Architectural Materials, Inc., d/b/a Aaron Smith of Architectural Materials, Inc.; Arcon Flooring, Inc.; Arizona Tile, LLC; Atlas Construction Cleanup Inc.; Atlas Construction Supply, Inc.; Austin General Contracting, Inc.; Austin Hardwoods, Inc.; Azpus, Inc.; Aztech Inspection Services, LLC; Bakersfield Pipe And Supply, Inc.; Bergman, Walls, & Associates, Ltd. Architects; Besam US, Inc., d/b/a Besam Entrance Solutions; Besam West, Inc., d/b/A Besam Entrance Solutions; Boething Treeland Farms, Inc.; Bradford Products, LLC; Brown-Strauss Steel Sales, Inc.; Burke Engineering Co.; C.R. Laurence Co., Inc.; Cadillac Stone Works, LLC; California Flex Corporation; California Wholesale Material Supply, LLC, d/b/a Calply Door Systems LV Inc.; Carrara Marble Company of America; Cashman Equipment Company; CCCS International LLC; CECO Concrete Construction, LLC; Cellcrete Corporation; Cemex Construction Materials Pacific, LLC; Century Steel, Inc.; Cherokee Erecting Company, LLC; City Electric Supply Company; Clark County Fence Company, LLC; CLQTS, LLC, f/k/a Compass Logistics; CMC Group, LLC; Codale Electric Supply, Inc.; Collings Interiors, LLC; Commercial Scaffolding Of Nevada, Inc.; Commercial Roofers, Inc.; Communications Supply Corporation; Concrete Coring of Nevada, Inc.; Construction Sealants Supply, Inc.; Consumers Pipe and Supply Co.; Conti Electric, Inc.; Continental Glass & Hardware, Inc.; Copper State Bolt & Nut Company, Inc.; Coreslab Structures (L.A.) Inc.; Crescent Electric Supply Company, Inc.; Cummins Rocky Mountain, LLC; Curtis Steel Co., Inc.; CWCI Insulation of Nevada Inc.; D & D Steel, Inc.; D'Alessio Contracting, Inc.; Dal-Tile Corporation; Dana Kepner Company, Inc.; Derr and Gruenewald Construction Co.; Desert Lumber LLC; Desert Plumbing & Heating Co., Inc.; Design Space Modular Buildings, Inc.; Dielco Crane Service, Inc.; Direct Paving & Grading; Direct Paving & Grading, LLC; Diversified Concrete Cutting, Inc.; Diversified Construction Supply, LLC; Door & Hardware Management, Inc.; Door-Ko, Inc.; DSE Construction, Inc.; Dunnedwards Corporation; Eagle Enterprises of TN LLC; East Iowa Decks Support, Inc.; Eberhard/Southwest Roofing, Inc.; Eggers Industries, Inc.; EIDS Steel Company, LLC; Elmco/Ford, Inc., d/b/a Elmco Mechanical Las Vegas; EM & C Trucking, LLC; Embassy Glass; Embassy Steel; Energy Products of Nevada, Inc.; Eugenio Painting Company; F. Rodgers Corporation; Fasteners Inc. Southwestern Supply; Ferguson Enterprises, Inc.; FF & E Purchasing Associates, LLC; Fisk Electric Company; Flippin's Trenching, LLP; Fountain Supply Company; Frehner Construction Company, Inc.; Gallagher-Kaiser Corporation; Garrett Materials, LLC, d/b/a Garrett Materials Probuild; General Supply & Services, Inc., d/b/a Gexpro; Geo Cell Solutions, Inc., F/Wa Geo Cell Solutions, LLC; George M. Raymond Co.; Gillette Construction, LLC; Giroux Glass, Inc.; Glenn Rieder, Inc.; Global Services of Nevada, Inc.; Grani Installation Inc.; Graybar Electric Company, Inc.; H & E Equipment Services, Inc.; Halton Co.; Hammond Caulking, Inc.; Hampton Tedder Electric Company; Hampton Tedder Technical Services; Harrington Industrial Plastics, LLC; Harsco Corporation, d/b/a Patent Construction Systems; HD Supply Construction Supply, Limited Partnership, d/b/a HD Supply Inc.; HD Supply Waterworks, LP; HD Supply Waterworks, LP, d/b/a HD Supply Waterworks PC Region; HD Supply Waterworks, LP, d/b/a HD Supply White Cap; Heating and Cooling Supply, Inc.; Helou & Sons, Inc., d/b/a Helou Construction, Inc.; Henri Specialties Co., Inc., of Nevada; Hershberger Bros. Welding, Inc.; Hertz Equipment Rental Corporation; Hilti, Inc.; Hotz, LLC, d/b/a Dri-Design; Iba Consultants West, LLC; Ideal Mechanical, Inc.; Illuminating Concepts, Ltd.; Inncom International, Inc.; Insteel, LLC; Insulfoam LLC; Insulpro Projects, Inc., d/b/a Gale Building Products; Integrated Mechanical Group, LLC, d/b/a IMG Mechanical Group; Intermountain Lock & Supply Co., d/b/a Intermountain Lock & Security; Ital Stone, Inc.; J & J Enterprises Services, Inc.; J.F. Duncan Industries, Inc., d/b/a Duray; J.B.A. Consulting Engineers, Inc.; Janis Services West, LLC; Jensen Enterprises, Inc., d/b/a Jensen Precast; John A. Martin & Associates of Nevada, Inc.; Johnson Controls, Inc.; Engineered Eq. & Systems Co.; Johnson Controls, Inc., d/b/a JPRA Architects, P.C.; JS & S, Inc.; K & K Construction Supply, Inc.; KCG, Inc., d/b/a Rew Materials; Keenan, Hopkins, Suder & Stowell Contractors, Inc.; Kelly's Pipe & Supply Co., Inc.; Kimley-Horn and Associates, Inc.; Knorr Systems, Inc.; L & P Interiors, LLC; L & W Supply Corporation, d/b/a Calply; L.A. Nevada, Inc., d/b/a G & G Systems; Lally Steel, Inc.; Langan Engineering & Environmental Services, Inc.; Las Vegas Awnings, LLC; Las Vegas Paving Corporation; Las Vegas Roofing Supply, LLC; Las Vegas Windustrial Co.; Lewis Crane & Hoist, LLC; Lochsa, LLC, d/b/a Lochsa Engineering; Lone Mountain Excavation & Utilities, LLC; Lukz Trucking, Inc.; LVI Environmental of Nevada, Inc.; M & H Building Specialties, Inc.; Mac Arthur Co.; Marnell Masonry, Inc.; McKeon Door of Nevada, Inc.; Mechanical Insulation Specialists; Mechanical Products Nevada, Inc.; Mechanical Systems West, Inc.; Merli Concrete Pumping of Nevada, Inc.; Metal-Weld Specialties, Inc.; Midwest Drywall Co., Inc.; Midwest Pro Painting, Inc.; Mighty Crane Service, LLC; Mitchell Construction Services, Inc., d/b/a Western Diamond; Modernfold Of Nevada, LLC; Mojave Electric Company, LLC, Aiwa West Edna Associates, d/b/a Mojave Electric, Inc.; Morris-Shea Bridge Company, Inc.; Mundee Trucking, Inc.; Nedco Supply; NES Rentals Holdings, Inc., d/b/a Nes Rentals; Nevada Construction Clean-Up; Nevada Ready Mix Corporation; Norman S. Wright Mechanical Equipment Corporation; Nova Engineering and Environmental of Nevada, Inc., f/k/a Owens Geotechnical Inc.; Old Castle Glass, Inc., d/b/a Oldcastle Glass Wright City; Olson Precast Company; Oreco Duct Systems, Inc.; Ossis Iron Works; P & S Metals; Pacific Coast Steel, Inc.; Pacific Insulation Company; Pacific Stair Co.; Pahor Mechanical Contractors, Inc.; Pape Material Handling, Inc., A/WA Pape Material Holding, d/b/a Pape Rents; Par Electrical Contractors, Inc.; Paramount Management Enterprises, Ltd.; Paramount Scaffold, Inc.; Partition Specialties, Inc.; Paul Bebble & Associates, Inc.; PDM Steel Service Centers, Inc.; Penhall Company; Performance Contracting, Inc.; Potter Roemer; Powell Cabinet & Fixture Co.; Premier Steel, Inc.; Primary Steel, Inc.; Prime Contracting, Inc., d/b/a Prime Grading & Paving; Prime Fabrication & Supply; QED, Inc.; QTS Logistics, Inc., d/b/a Quality Transportation Services of Nevada, Inc.; Quality Cabinet and Fixture Company; Quality Transportation Services of Nevada, Inc.; Quick Crete Products Corp.; Ram Construction Services Of Michigan, Inc.; Ramon Fernandez, as Administrator of the Estate of Ana Fernandez; Raul Escobedo; RC White Consulting, Inc.; Ready Mix, Inc., d/b/a Ready Mix Concrete; Red Mountain Machinery Company; Reliable Steel, Inc.; Republic Crane, LLC; RJF International Corp.; Roadsafe Traffic Systems, Inc., f/k/a NES Traffic Safety LP; Rockway Precast, Inc.; Roncelli, Inc.; RSC Equipment Rental, Inc.; Safe Electronics, Inc.; Safeworks LLC; SC Steel, Inc.; Sierra Glass & Mirror, Inc.; Silver State Marble, LLC; Silverado Associates, LLC; Smalley & Company; Smith Pipe & Steel Company (Which Will do Business in California as Caz Steel Company); SMK, Inc.; Southern Nevada Paving, Inc.; Southwest Iron Works, LLC; Squires Lumber Company; Starlite Construction, Inc., d/b/a Shawmut Design & Construction; Steel Engineers, Inc.; Steel Structures, Inc.; Steelman Partners, LLP; Sterling Corporate Custom Elevator Interiors; Stetson Electric, Inc.; Stinger Welding, Inc.; Stone Connection, LLC, d/b/a Samfet; Striping Solutions, Inc.; Summit Excavation, Inc.; Summit Sand & Gravel, Inc.; Sunbelt Rentals, Inc.; Sunstate Equipment Co., LLC; Superior Tile & Marble, Inc.; Syracuse Castings West Corp.; T. Nickolas Co.; Technicoat Management, Inc.; The Glidden Company, d/b/a ICI Paints; The Penta Building Group, LLC; The Sherwin-Williams Company; The Southwest Circle Group, Inc.; The Winroc Corporation (Nevada); Thyssen Elevator Corporation; ThyssenKrupp Safway, Inc., d/b/a Safway Services Inc. (LV); ThyssenKrupp Safway, Inc.; TMCX Nevada, LLC; Tomarco Contractor Specialties, Inc.; Totten Tubes, Inc.; Tractel, Inc.; Tracy & Ryder Landscape, Inc.; Trench Plate Rental Co.; Tri-Power Group, Inc.; Ulma Form-Works, Inc.; Union Erectors, LLC; United Rentals Gulf, LLC; United Rentals Northwest, Inc.; Universal Piping, Inc.; Valleycrest Landscape Development, Inc.; Ventura Marble, LLC; W & W Steel, LLC of Nevada; W.R. Grace & Co.-Conn., d/b/a Grace Construction Products; Waco International (West), Inc., d/b/a Waco Scaffolding & Equipment; Walnut Investment Co., LLC, d/b/a Acoustical Material Services; Ward & Howes Associates, Ltd.; Washout Systems, LLC; Water FX, LLC; Wells Cargo, Inc.; White Cap Construction Supply, Inc.; Williams Furnace Co.; Winter Composites, LLC; Young Electric Sign Company; YWS Architects, LLC; Zetian Systems, Inc.; Z-Glass, Inc., d/b/a Z Wall Inc.; Z-Glass, Inc.; and JMB Capital Partners Master Fund LLP, as Assignee of all Claims Held by Assignor Lien Claimants Aderholdt Specialty Company, Inc., AMI Hospitality, LLC, A/K/A Architectural Materials Incorporated, Bombard Electric, LLC, Bombard Mechanical, LLC, Colasanti Specialty Services, Inc., Desert Fire Protection, Peregrine Installation, Co., and Warner Enterprises, Inc., d/b/a Sun Valley Electric Supply Co., Respondents.
No. 56452.
Supreme Court of Nevada.
December 29, 2011.
*789 Parsons Behle & Latimer and Rew R. Goodenow, Reno; Smith, Hulsey & Busey and Stephen D. Busey and James H. Post, Jacksonville, FL, for Appellant Wilmington Trust FSB.
Thomas L. Abrams, Plantation, FL, for Respondents Ahern Rentals, Inc.; and Reliable Steel, Inc.
Baker Hostetler and Richard J. Bernard, New York, NY, for Respondents Coreslab Structures (L.A.) Inc.; Keenan, Hopkins, Suder & Stowell Contractors, Inc.; QTS Logistics, Inc.; and Quality Transportation Services of Nevada, Inc.
*790 Carla M. Barrow, Coral Gables, FL, for Respondent Fisk Electric Company.
Brown Robert LLP and Seth P. Robert, Fort Lauderdale, FL, for Respondent McKeon Door of Nevada, Inc.
Cooksey, Toolen, Gage, Duffy & Woog and Andrew Muehlbauer, Las Vegas; Dean Mead Minter & Zwemer and Joel C. Zwemer, Fort Pierce, FL, for Respondent Steelman Partners, LP.
Shea & Carlyon, Ltd., and Candace C. Carlyon, Las Vegas, for Respondent Young Electric Sign Company.
Duane Morris LLP and Jeffrey W. Spear, Pittsburgh, PA; Duane Morris LLP and Warren D. Zaffuto, Miami, FL, for Respondents Century Steel, Inc.; and Pacific Coast Steel, Inc.
Ehrenstein Charbonneau Calderin and Robert P. Charbonneau and Daniel L. Gold, Miami, FL, for Respondents Absocold Corporation; Austin General Contracting, Inc.; Austin Hardwoods, Inc.; Glenn Rieder, Inc.; Powell Cabinet & Fixture Co.; Safe Electronics, Inc.; Stone Connection, LLC; and Union Erectors, LLC.
Fahrendorf, Viloria, Oliphant & Oster, LLP, and Scott F. Gilles and Jason A. Rose, Reno, for Respondents Bradford Products, LLC; and Insteel, LLC.
Gibbs, Giden, Locher, Turner & Senet LLP and Becky Ann Pintar, Las Vegas, for Respondents D'Alessio Contracting, Inc.; and WACO International (West), Inc.
Gordon & Rees LLP and Robert E. Schumacher and Jon M. Ludwig, Las Vegas; Ehrenstein Charbonneau Calderin and Robert P. Charbonneau and Daniel L. Gold, Miami, FL, for Respondent JMB Capital Partners Master Fund LLP.
Gordon Silver and Thomas H. Fell, Gregory E. Garman, and Gabrielle A. Hamm, Las Vegas; Parnell & Associates and Richard B. Parnell, Las Vegas; Lance A. Harke, Miami Shores, FL, for Respondents Southern Nevada Paving, Inc.; Air Design Technologies, LLC; AirTek Products LLC; Cadillac Stone Works, LLC; Cemex Construction Materials Pacific, LLC; Collings Interiors, LLC; Commercial Roofers, Inc.; Conti Electric, Inc.; Desert Plumbing & Heating Co., Inc.; Eberhard Southwest Roofing, Inc.; EIDS Steel Company, LLC; Gallagher-Kaiser Corporation; Geo Cell Solutions, Inc.; Inncom International, Inc.; J.F. Duncan Industries, Inc.; JS & S Inc.; Lally Steel, Inc.; L.A. Nevada, Inc.; LVI Environmental of Nevada, Inc.; Marnell Masonry, Inc.; Mechanical Insulation Specialists; Midwest Drywall Co., Inc.; Midwest Pro Painting, Inc.; Modernfold of Nevada, LLC; Mojave Electric Company, LLC; Paramount Management Enterprises, Ltd.; Penhall Company; Performance Contracting, Inc.; Ram Construction Services of Michigan, Inc.; Silver State Marble, LLC; Superior Tile & Marble, Inc.; The PENTA Building Group, LLC; Technicoat Management, Inc.; Universal Piping, Inc.; W & W Steel, LLC of Nevada; Water FX, LLC; and Wells Cargo, Inc.
Herold & Sager and Emily L. Grant and Linda L. Sager, Encinitas, CA, for Respondent Ital Stone, Inc.
John C. Dotterrer Counsellors at Law and John C. Dotterrer and Jenny Torres, Palm Beach, FL, for Respondents Kimley-Horn and Associates, Inc.; Nova Engineering and Environmental of Nevada, Inc.; and Valleycrest Landscape Development, Inc.
Leiderman Shelomith, P.A., and Zach B. Shelomith, Fort Lauderdale, FL, for Respondents KCG, Inc.
Markowitz, Davis, Ringel & Trusty, P.A., and Ross R. Hartog, Miami, FL, for Respondent Eugenio Painting Company.
May, Meacham & Davell, P.A., and Robert C. Meacham, Fort Lauderdale, FL, for Respondents Cashman Equipment Company; Communications Supply Corporation; Crescent Electric Supply Company, Inc.; Derr and Gruenewald Construction Co.; Graybar Electric Company, Inc.; H & E Equipment Services, Inc.; Hilti, Inc.; Integrated Mechanical Group, LLC; Morris-Shea Bridge Company, Inc.; Quality Cabinet and Fixture Company; Sierra Glass & Mirror, Inc.; Tracy & Ryder Landscape, Inc.; W.R. Grace & Co.-Conn.; Z-Glass, Inc.; and Zetian Systems, Inc.
McAlpine & Associates and Don W. Blevins, Auburn Hills, MI; Lawrence H. Meuers, *791 Naples, FL, for Respondent CCCS International LLC.
McDonald Hopkins, LLC, and Tina M. Talarchyk, West Palm Beach, FL, for Respondents Giroux Glass, Inc.; and John A. Martin & Associates of Nevada, Inc.
Messana Rosner & Stern and Thomas M. Messana and David N. Stern, Fort Lauderdale, FL, for Respondents QTS Logistics, Inc.; and Quality Transportation Services of Nevada, Inc.
Michael R. Mushkin & Associates, P.C., and Michael R. Mushkin, Las Vegas, for Respondent Illuminating Concepts, Ltd.
Harold W. Mitts, Jr., Overland Park, KS, for Respondent Pahor Mechanical Contractors, Inc.
Muije & Varricchio and Phillip T. Varricchio, Las Vegas, for Respondents Anixter Inc.
Ozark Perron & Nelson, P.A., and Andre R. Perron, Bradenton, FL; Adam M. Shonson, Miami, FL, for Respondent The Sherwin-Williams Company.
Palumbo Bergstrom and Erik D. Buzzard, Irvine, CA, for Respondent Winter Composites, LLC.
Jimmy D. Parrish, Orlando, FL, for Respondents Coreslab Structures (L.A.) Inc.; and Keenan, Hopkins, Suder & Stowell Contractors, Inc.
Pezzillo Robinson and Brian J. Pezzillo and Jennifer R. Lloyd-Robinson, Las Vegas, for Respondents Cashman Equipment Company; Communications Supply Corporation; Derr and Gruenewald Construction Co.; Graybar Electric Company, Inc.; H & E Equipment Services, Inc.; Hilti, Inc.; Quality Cabinet and Fixture Company; Tracy & Ryder Landscape, Inc.; W.R. Grace & Co.; and Zetian Systems, Inc.
Robert F. Reynolds, Fort Lauderdale, FL, for Respondents American Crane & Hoist Erectors, LLC; and Republic Crane, LLC.
D. Jean Ryan, Miami, FL, for Respondent Tractel, Inc.
Beverly J. Salhanick, Las Vegas, for Respondent Reliable Steel, Inc.
Shraiberg Ferrara & Landau, PA, and Philip J. Landau, Boca Raton, FL, for Respondents Allegheny Millwork PBT; Architectural Materials Inc.; Bergman, Walls, & Associates, Ltd.Architects; Dana Kepner Company, Inc.; Desert Lumber LLC; Dielco Crane Service, Inc.; Door & Hardware Management, Inc.; Door-Ko, Inc.; Eagle Enterprises of TN, LLC; George M. Raymond Co.; Henri Specialties Co., Inc., of Nevada; J.B.A. Consulting Engineers, Inc.; Johnson Controls, Inc.; L & P Interiors, LLC; Lochsa, LLC; ThyssenKrupp Safway, Inc.; TMCX Nevada, LLC; and YWS Architects, LLC.
John R. Stevenson, Birmingham, MI, for Respondent Eugenio Painting Company.
Wright, Fulford, Moorhead & Brown, P.A., and Edward M. Baird, Altamonte Springs, FL, for Respondent Insulpro Projects, Inc. A Company Portable Restrooms, Inc.; A Track-Out Solution LLC; Abatix Environmental Corp.; Absolute Metals, LLC; Air Systems, Inc.; AK Constructors, Inc.; Alabama Metal Industries Corporation; Allen Drilling Inc.; Alpine Steel LLC; American Air Balance Co., Inc.; American Metal Fabricators LLC; American Pacific Excavation Inc.; American Sand & Gravel, Ltd.; Apex Concrete Cutting and Coring, Inc.; Arcelormittal International America, LLC; Arcon Flooring, Inc.; Arizona Tile, LLC; Atlas Construction Cleanup Inc.; Atlas Construction Supply, Inc.; AZ-PUS, Inc.; Aztech Inspection Services, LLC; Bakersfield Pipe and Supply, Inc.; Besam US, Inc.; Besam West, Inc.; Boething Treeland Farms, Inc.; Brown-Strauss Steel Sales, Inc.; Burke Engineering Co.; C.R. Laurence Co., Inc.; California Flex Corporation; California Wholesale Material Supply, LLC; Carrara Marble Company of America; CECO Concrete Construction, LLC; Cellcrete Corporation; Cherokee Erecting Company, LLC; City Electric Supply Company; Clark County Fence Company, LLC; CLQTS, LLC; CMC Group, LLC; Codale Electric Supply, Inc.; Commercial Scaffolding of Nevada, Inc.; Concrete Coring of Nevada, Inc.; Construction Sealants Supply, Inc.; Consumers Pipe and Supply Co.; Continental Glass & Hardware, Inc.; Copper State Bolt & Nut Company, *792 Inc.; Cummins Rocky Mountain, LLC; Curtis Steel Co., Inc.; CWCI Insulation of Nevada Inc.; D & D Steel, Inc.; Dai-Tile Corporation; Design Space Modular Buildings, Inc.; Direct Paving & Grading; Direct Paving & Grading, LLC; Diversified Concrete Cutting, Inc.; Diversified Construction Supply, LLC; DSE Construction, Inc.; Dunn-Edwards Corporation; East Iowa Decks Support, Inc.; Eggers Industries, Inc.; Elmco/Ford, Inc.; EM & C Trucking, LLC Embassy Glass; Embassy Steel; Energy Products of Nevada, Inc. Engineered Eq. & Systems Co.; Raul Escobedo; F. Rodgers Corporation Fasteners Inc. Southwestern Supply; Ferguson Enterprises, Inc.; Ramon Fernandez, as Administrator of the Estate of Ana Fernandez; FF & E Purchasing Associates, LLC; Flippin's Trenching, LLP; Fountain Supply Company; Frehner Construction Company, Inc.; Garrett Materials, LLC; General Supply & Services, Inc.; Gillette Construction, LLC; Global Services of Nevada, Inc.; Grani Installation Inc.; Halton Co.; Hammond Caulking, Inc.; Hampton Tedder Electric Company; Hampton Tedder Technical Services; Harrington Industrial Plastics, LLC; Harsco Corporation; HD Supply Construction Supply, LP; HD Supply Waterworks, LP; Heating and Cooling Supply, Inc.; Helou & Sons, Inc.; Hershberger Bros. Welding, Inc.; Hertz Equipment Rental Corporation; Hotz, LLC; IBA Consultants West, LLC; Ideal Mechanical, Inc.; Insulfoam LLC; Intermountain Lock & Supply Co.; J & J Enterprises Services, Inc.; Janis Services West, LLC; Jensen Enterprises, Inc.; K & K Construction Supply, Inc.; Kelly's Pipe & Supply Co., Inc.; Knorr Systems, Inc.; L & W Supply Corporation; Langan Engineering & Environmental Services, Inc.; Las Vegas Awnings, LLC; Las Vegas Paving Corporation; Las Vegas Roofing Supply, LLC; Las Vegas Windustrial Co.; Lewis Crane & Hoist, LLC; Lone Mountain Excavation & Utilities, LLC; Lukz Trucking, Inc.; M & H Building Specialties, Inc.; Mac Arthur Co.; Mechanical Products Nevada, Inc.; Mechanical Systems West, Inc.; Merli Concrete Pumping of Nevada, Inc.; Metal-Weld Specialties, Inc.; Mighty Crane Service, LLC; Mitchell Construction Services, Inc.; Mundee Trucking, Inc.; Nedco Supply; NES Rentals Holdings, Inc.; Nevada Construction Clean-Up; Nevada Ready Mix Corporation; Norman S. Wright Mechanical Equipment Corporation; Oldcastle Glass, Inc.; Olson Precast Company; Oreco Duct Systems, Inc.; Ossis Iron Works; P & S Metals; Pacific Insulation Company; Pacific Stair Co.; Pape Material Handling, Inc.; Par Electrical Contractors, Inc.; Paramount Scaffold, Inc.; Partition Specialties, Inc.; Paul Bebble & Associates, Inc.; PDM Steel Service Centers, Inc.; Potter Roemer; Premier Steel, Inc.; Primary Steel, Inc.; Prime Contracting, Inc.; Prime Fabrication & Supply; QED, Inc.; Quick Crete Products Corp.; RC White Consulting, Inc.; Ready Mix, Inc.; Red Mountain Machinery Company; RJF International Corp.; Roadsafe Traffic Systems, Inc.; Rockway Precast, Inc.; Roncelli, Inc.; RSC Equipment Rental, Inc.; Safeworks LLC; Safeway Services Inc. (LV); SC Steel, Inc.; Silverado Associates, LLC; Smalley & Company; Smith Pipe & Steel Company; SMK, Inc.; Southwest Iron Works, LLC; Squires Lumber Company; Starlite Construction, Inc.; Steel Engineers, Inc.; Steel Structures, Inc.; Sterling Corporate Custom Elevator Interiors; Stetson Electric, Inc.; Stinger Welding, Inc.; Striping Solutions, Inc.; Summit Excavation, Inc.; Summit Sand & Gravel, Inc.; Sunbelt Rentals, Inc.; Sunstate Equipment Co., LLC; Syracuse Castings West Corp.; T. Nickolas Co.; The Glidden Company; The Southwest Circle Group, Inc.; The Winroc Corporation (Nevada); Thyssen Elevator Corporation; Tomarco Contractor Specialties, Inc.; Totten Tubes, Inc.; Trench Plate Rental Co.; Tri-Power Group, Inc.; Ulma Form-Works, Inc.; United Rentals Gulf, LLC; United Rentals Northwest, Inc.; Ventura Marble, LLC; VFC, Inc.; Walnut Investment Co., LLC; Ward & Howes Associates, Ltd.; Washout Systems, LLC; White Cap Construction Supply, Inc.; and Williams Furnace Co., in Proper Person.
Jones Vargas and John P. Sande, III, John P. Desmond, and John P. Sande, IV, Reno, for Amicus Curiae Nevada Bankers Association.
Snell & Wilmer, L.L.P., and Leon F. Mead, II, Laura Ellen Browning, Marek P. *793 Bute, and Kelly H. Dove, Las Vegas, for Amici Curiae Associated General Contractors, Las Vegas Chapter; Nevada Association of Mechanical Contractors; and Nevada Chapter of Associated General Contractors.
Taggart & Taggart, Ltd., and Paul G. Taggart and Alexander E. Drew, Carson City, for Amicus Curiae Nevada Land Title Association.
BEFORE THE COURT EN BANC.[1]

OPINION
By the Court, HARDESTY, J.:
In this opinion, we address an important policy question concerning the proper scope of the record before this court and the extent to which this court may determine facts, if at all, when it considers a certified question from a federal court. The present matter arises in a pending certification case from the United States Bankruptcy Court, Southern District of Florida. Appellant has moved to strike respondents' appendix, contending that the included documents contain information beyond the facts certified to this court by the bankruptcy court. Respondents oppose the motion, arguing that the additional information is necessary for this court's understanding of the certified legal questions. In resolving the motion to strike, we conclude that this court's review is limited to the facts provided by the certifying court, and we must answer the questions of law posed to us based on those facts. While an appendix may be filed to assist this court in understanding the matter, it may not be used to controvert the facts as stated in the certification order. Thus, we grant the motion to strike.

BACKGROUND
Fontainebleau was planned as a hotel-casino on property along the Las Vegas Strip. In 2005, a syndicate of lenders, with Bank of America as the administrative agent, loaned the casino's developers $150 million secured by a deed of trust. In 2007, Bank of America, as agent, negotiated construction financing totaling $1.85 billion, to be disbursed in three stages. Over 300 contractors and suppliers worked on the project. Bank of America included in the agreement with the general contractor, and required the general contractor to include in its agreements with subcontractors, a provision subordinating their liens to the Bank of America deed of trust. Construction proceeded for a time, but at some point, it appears that Bank of America refused to advance further funds. Work ceased, and Fontainebleau filed a Chapter 11 bankruptcy petition in Florida.
Appellant Wilmington Trust succeeded Bank of America as administrative agent for the lenders. Respondents are a multitude of contractors, subcontractors, and suppliers who have asserted statutory liens against the property. Eventually, the property was sold, with the liens to attach to the proceeds, and the Chapter 11 reorganization proceeding was converted to a Chapter 7 liquidation.
A dispute between appellant and the various contractors and suppliers over the priority of their respective liens on the property is at the center of the bankruptcy court's certified questions. In particular, the bankruptcy court has sought a ruling from this court regarding the application of contractual subordination, equitable subordination, and equitable subrogation in the context of a mechanic's lien. The bankruptcy court's certification order provided an overview of the factual background and attached a copy of the 27-page adversary complaint in this matter, which sets forth the facts asserted by appellant. This court accepted the questions and directed briefing, including the preparation and filing of an appendix, as is usual in these matters.
Following appellant's filing of the opening brief and six-volume appendix, which included the adversary complaint, answer, and other pleadings, as well as pretrial motion practice, respondents objected to the appendix as incomplete. Respondents maintain that appellant failed to include other pertinent documentation in its appendix, and thus, when *794 filing their answering brief, they included a four-volume appendix that contained the other documentation they contend should be before this court. Appellant filed a motion to strike all but one transcript in respondents' appendix.
The source of the disagreement over the proper scope of the appendix is the parties' dispute regarding whether Bank of America met the requirements for subordination or subrogation. The parties vigorously dispute how the 2007 transaction was structured and whether, as a result, the doctrine of equitable subrogation applies. When the bankruptcy court announced that it intended to certify legal questions concerning these doctrines to this court, respondents apparently challenged the court's decision to certify at this stage of the litigation, arguing that the court should first determine the facts surrounding the 2007 financing before considering certification. The bankruptcy court declined to do so, noting that should this court hold that these doctrines could never apply in the mechanic's lien context, then the adversary proceeding would be resolved, as the facts of the 2007 financing would not matter and appellant would fall behind respondents in priority.
The documents in respondents' appendix fall into four main categories and appear to be included for the purpose of informing this court that the factual allegations in the complaint and the factual presumptions in the questions, as drafted by the bankruptcy court, are hotly contested. First, respondents included several of the loan documents that were referred to in the complaint but not attached to the complaint. Second, respondents included a few, but not all, of the documents related to some post-certification motion practice in the proceeding concerning the facts to be used by this court in answering the certified questions. Third, some documents filed in the main bankruptcy case were included, and fourth, documents from other adversary proceedings within the Fontainebleau main bankruptcy case were included.

DISCUSSION
NRAP 5 permits federal courts to certify questions of Nevada law to this court when no controlling Nevada authority exists. The certifying court must include "[a] statement of all facts relevant to the questions certified" in its order certifying questions to this court. NRAP 5(c)(2). The rule does not provide for certification of factual questions. NRAP 5(a). Here, the text of the bankruptcy court's order included background information, and the court attached appellant's complaint, which sets forth detailed facts as alleged by appellant. Essentially, the bankruptcy court has asked this court to perform an analysis akin to that undertaken when evaluating a motion to dismiss for failure to state a claim. See NRCP 12(b)(5); FRCP 12(b)(6).
Respondents contend that the facts asserted in the complaint and the assumptions included in the certified questions are not true. They maintain that simply examining the loan documents and comparing them to the complaint reveals inconsistencies. Therefore, according to respondents, additional documentation is necessary so that this court has the "real" factual context in mind when making its decision. Appellant counters that this court's role is not to find the factsthat task remains with the certifying court. Rather, appellant contends that this court is bound by the facts as presented by the certifying court.
As the answering court to a certified question, we must determine the proper scope of the record before us and the extent to which this court may determine any facts when answering a certified question. A vast majority of courts hold that the answering court is bound by the facts as provided in the certification order. See, e.g., Piselli v. 75th Street Medical, 371 Md. 188, 808 A.2d 508, 516 (2002) (disregarding assertion that injury was discovered earlier than stated in the certification order); Preussag Intern. Steel v. March-Westin, 221 W.Va. 472, 655 S.E.2d 494, 498 n. 2 (2007) (refusing to consider new affidavit intended to downplay certain facts in certification order); In re Patel, 242 P.3d 1015, 1017 n. 2 (Wyo.2010) (stating that answering court relies on facts presented by certifying court). The answering court's role is limited to answering the questions of law *795 posed to it, and the certifying court retains the duty to determine the facts and to apply the law provided by the answering court to those facts. See Janson v. Christensen, 167 Ariz. 470, 808 P.2d 1222, 1222 n. 1 (1991); AGV Sports v. Protus IP, 417 Md. 386, 10 A.3d 745, 746 n. 1 (2010); Piselli, 808 A.2d at 516; In re Gregory, 97 P.3d 639, 640 n. 1 (Okla.2004); Mecham v. Frazier, 193 P.3d 630, 632 (Utah 2008). This approach prevents the answering court from intruding into the certifying court's sphere by making factual findings or resolving factual disputes. Alexander v. Certified Master Builders, 268 Kan. 812, 1 P.3d 899, 908 (2000) (declining to apply a substantial evidence standard to certifying court's factual findings, explaining that "[t]he question certified is solely one of law. This court does not review the factual findings of the federal district court.... Rather, instead, this court accepts the facts as found by the federal district court...."); Puckett v. Rufenacht Bromagen & Hertz, 587 So.2d 273, 277 (Miss.1991) (stating that "this Court is not called upon to decide the case. Nor should we go behind the facts presented by the certifying court. If either party has any objection to the facts related by the certifying court, the place to voice the objection is with that court, not us."); but see Ball v. Wilshire Ins. Co., 221 P.3d 717, 720-21, 723 n. 26 (Okla.2009) (permitting the answering court to supplement the certification order with undisputed facts found in the record, but stating that any dispute apparent therein must be resolved by the certifying court's order); Penn Mut. Life Ins. Co. v. Abramson, 530 A.2d 1202, 1207-08 (D.C. 1987) (stating that answering court's review of a certified question is identical to its review of an appeal).
We are persuaded by the majority approach and hold that this court is bound by the facts as stated in the certification order and its attachment and that this court cannot make findings of fact in responding to a certified question. We are further convinced that while providing an appendix in a certification matter is not unusual and allows this court a greater understanding of the pending action, this court may not use information in the appendix to contradict the certification order. Because respondents' appendix has been filed solely to contradict the certification order and the complaint, we strike respondents' appendix in its entirety.[2] We therefore direct the clerk of this court to strike the respondents' appendix.
We concur: SAITTA, C.J., and DOUGLAS, CHERRY, GIBBONS, and PARRAGUIRRE, JJ.
NOTES
[1] The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.
[2] Although appellant did not object to one transcript that was contained in the respondents' appendix, a hearing transcript, that hearing took place after the certification order was transmitted to this court, and it thus appears irrelevant to the certified questions. If the bankruptcy court believes that this court should refer to that transcript, it may amend its certification order accordingly and transmit the order and transcript to this court.