An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY B. GUINN AND MONICA A. GUINN, INDIVIDUALLY AND AS TRUSTEES OF THE DEL MAR TRUST; R. KENT BARRY AND MARY SUNSHINE BARRY, INDIVIDUALLY AND AS TRUSTEES OF THE BARRY FAMILY TRUST; SEAN P. CORRIGAN AND LISA D. CORRIGAN, INDIVIDUALLY AND AS TRUSTEES OF THE S & L CORRIGAN FAMILY TRUST; CORONADO CANYONS, LLC; AND PACIFIC SUNSET DEVELOPMENT, LLC,
Appellants,
vs.
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COMMUNITY BANK OF NEVADA,
Respondent.

No. 60888

**FILED**

JUN 2 6 2014

TRAGIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER DECLINING CERTIFIED QUESTIONS

This matter involves legal questions certified to this court, under NRAP 5, by the United States District Court for the District of Nevada. Specifically, the U.S. District Court has certified the following questions to this court:

1. Whether a creditor who asserts a breach of guaranty claim for relief against the guarantors of a commercial loan prior to a foreclosure sale or trustee's sale of the collateral securing the loan (which remains pending after the foreclosure sale or trustee's sale) must either

SUPREME COURT
OF
NEVADA

(O) 1947A

14-21039

amend its pleading to formally state a claim for a deficiency judgment or move for summary judgment on the deficiency within six months of the foreclosure sale or trustee's sale to comply with NRS 40.455(1) and obtain a deficiency judgment?

2. If the answer to Question No. 1 is "yes," does a written letter from the creditor to the guarantors' counsel within the context of settlement discussions, which identifies the purported amount of the deficiency, and is delivered within six months of the foreclosure sale, sufficient to constitute an application under NRS 40.455(1) to obtain a deficiency judgment as part of an existing litigation?

3. Is NRS 40.455(1) a substantive statute of repose or a procedural statute of limitations?

As we believe there is controlling Nevada precedent with respect to the first two questions, we decline to answer these certified questions. *See* NRAP 5(a). Specifically, in *Lavi v. Eighth Judicial District Court*, 130 Nev. ___, ___ P.3d ___ (Nev. Adv. Op. 38, May 29, 2014), we addressed when and how an application for a deficiency judgment must be made. With regard to the third certified question, we have read the certifying court's statement of facts and are unable to determine the context in which this question is being asked. NRAP 5(c)(2) (requiring a certification order to include "[a] statement of all facts relevant to the questions certified"). Accordingly, we decline this question as well. *In re Fontainebleau Las Vegas Holdings*, 127 Nev. ___, ___, 267 P.3d 786, 795 (2011) ("[T]his court is bound by the facts as stated in the certification

order and . . . this court cannot make findings of fact in responding to a certified question.").

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

Bailey Kennedy's August 7, 2013, motion to withdraw as counsel is granted.

cc:     Bailey Kennedy
        Morris Law Group
        Clerk, United States District Court for the District of Nevada