139 Nev., Advance Opinion 15

IN THE SUPREME COURT OF THE STATE OF NEVADA

FEDERAL HOUSING FINANCE
AGENCY; FEDERAL NATIONAL
MORTGAGE ASSOCIATION; AND
FEDERAL HOME LOAN MORTGAGE
CORPORATION,
Appellants,
vs.
SATICOY BAY LLC,
Respondent.

No. 84370

FILED

JUL 06 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Certified question under NRAP 5 concerning jurisdiction over series LLCs. United States Court of Appeals for the Ninth Circuit; M. Margaret McKeown and William A. Fletcher, Circuit Judges, and Richard D. Bennett, District Judge.[1]

*Certified question answered.*

Arnold & Porter Kaye Scholer LLP and Michael A.F. Johnson and Dirk Phillips, Washington, D.C.,
for Appellant Federal Housing Finance Agency.

Fennemore Craig, P.C., and Leslie Bryan Hart and John D. Tennert, III, Reno,
for Appellants Federal Home Loan Mortgage Corporation and Federal Housing Finance Agency.

Snell & Wilmer L.L.P. and Kelly H. Dove, Las Vegas,
for Appellant Federal National Mortgage Association.

---

[1]The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

23-21492

Roger P. Croteau & Associates, Ltd., and Roger P. Croteau and Timothy E. Rhoda, Las Vegas,
for Respondent.

---

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, BELL, J.:

This case comes to us as a certified question under NRAP 5 from the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit certified the following question to this court:

> Under Nevada law, must a series LLC created pursuant to Nev. Rev. Stat. § 86.296 be sued in its own name for a court to obtain jurisdiction over it, or may the master LLC under which the series is created be sued instead?

We conclude a series LLC created pursuant to NRS 86.296 must be sued in its own name for the court to obtain jurisdiction over it, provided the series LLC has observed the corporate formalities provided for in NRS 86.296(3).

*BACKGROUND*

We accept the facts of the underlying case as stated in the certification order. *See In re Fontainebleau Las Vegas Holdings, LLC*, 127 Nev. 941, 956, 267 P.3d 786, 795 (2011). Appellants Federal National Mortgage Association (Fannie Mae) and Federal Home Loan Mortgage Corporation (Freddie Mac), over which Appellant Federal Housing Finance Agency (FHFA) acts as conservator (collectively FHFA), purchased mortgage loans secured by residential real property. When the original

mortgagors failed to pay the homeowner association assessments affiliated with the secured properties, the homeowner associations foreclosed on their superpriority liens on the properties. The properties were sold to Respondent Saticoy Bay LLC.

Saticoy (the master LLC) operates numerous series LLCs pursuant to NRS 86.296. Saticoy's series LLCs are generally named Saticoy Bay LLC Series <street address>. The master Saticoy LLC or individual series LLCs purchased the properties in question at HOA foreclosure sales. Saticoy maintains it currently owns only one of the subject properties and the remaining properties are owned by series LLCs.

Because the FHFA must consent to any foreclosure of its property, *see* 12 U.S.C. § 4617(j)(3); *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (holding that 12 U.S.C. § 4617(j)(3), the federal foreclosure bar, prevents an unconsented-to HOA foreclosure sale from extinguishing a deed of trust when the subject loan is owned by Freddie Mac or Fannie Mae), the FHFA sued Saticoy in the United States District Court for the District of Nevada for quiet title based on a lack of consent to the foreclosure. The FHFA named the master LLC, Saticoy, as defendant but did not name any of the series LLCs as defendants.

The FHFA moved for summary judgment based on the federal foreclosure bar. Saticoy opposed, arguing the federal district court lacked jurisdiction to decide the matter because the FHFA failed to name the series LLCs as defendants. The district court granted the FHFA's summary judgment motion. In doing so, the district court rejected Saticoy's argument that the FHFA needed to name the series LLCs as defendants. Because NRS 86.296(2) provides a series LLC "may" sue or be sued in its own name,

Supreme Court
of
Nevada

(O) 1947A

3

the district court reasoned FHFA was not required to name individual series LLCs as defendants.

Saticoy appealed to the Ninth Circuit. Before resolving the appeal, the Ninth Circuit certified the above-quoted question to this court, noting the only question on appeal concerns Nevada law and there is no controlling precedent.

## DISCUSSION

"In 2005, Nevada amended NRS 86.296 to allow for the creation of 'Series LLCs,' a relatively new form of corporate entity that exists only in certain states." *A Cab, LLC v. Murray*, 137 Nev. 805, 821, 501 P.3d 961, 976 (2021). In 2017, the Legislature further amended NRS 86.296(2) to "expand[ ] the powers of a series [LLC]." Hearing on A.B. 123 Before the Assemb. Judiciary Comm., 79th Leg. (Nev., Apr. 14, 2017) (statement of Diane C. Thornton, Comm. Policy Analyst). The Legislature allowed for a series to:

> (a) Have separate powers, rights or duties with respect to specified property or obligations of the company or profits and losses associated with specified property or obligations;
>
> (b) Have a separate business purpose or investment objective;
>
> (c) Sue and be sued, complain and defend, in its own name;
>
> (d) Make contracts in its own name;
>
> (e) Purchase, take, receive, lease or otherwise acquire, own, hold, improve, use and otherwise deal in and with real or personal property, or an interest in it, wherever situated; and
>
> (f) Sell, convey, mortgage, pledge, lease, exchange, transfer and otherwise dispose of all or any part of its property and assets.

NRS 86.296(2).



Interpreting the provisions of NRS Chapter 86, this court noted NRS 86.296(2) "provides a list of optional, but not mandatory, attributes for a Series LLC." *A Cab*, 137 Nev. at 822, 501 P.3d at 977. The FHFA contends this language from *A Cab* and the statutory language from NRS 86.296(2) demonstrate naming a series LLC as a party is always optional. We disagree.

In interpreting a statute, this court looks to the statute's plain language. *Smith v. Zilverberg*, 137 Nev. 65, 72, 481 P.3d 1222, 1230 (2021). If the statute's language is clear and unambiguous, this court enforces the statute as written. *Id.* "[T]his court will interpret a rule or statute in harmony with other rules and statutes." *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006).

Here, the plain language of NRS 86.296(2) does not allow a party to sue a master LLC in lieu of a series LLC at the party's discretion. Rather, the word "may" allows the series LLC to determine whether it will be sued in its own capacity by following the corporate formalities outlined in NRS 86.296(3).

Requiring a series LLC to be named as a party aligns with other statutes within NRS Chapter 86. NRS 86.281 notes the "general powers" concerning LLCs. In language identical to NRS 86.296, the statute provides that "[a] limited-liability company . . . or any series thereof . . . may . . . [s]ue and be sued, complain and defend, in its name." NRS 86.281(1).

The FHFA's interpretation that a series LLC is not a legal entity separate from the master LLC ignores several relevant provisions of NRS Chapter 86. First, NRS 86.1255 defines a series LLC as a "limited-liability company." This coincides with NRS 86.296(2), which provides "[a]

SUPREME COURT
OF
NEVADA

(O) 1947A

series [LLC] may be created as a limited-liability company." Second, the operating agreement of a series LLC "may provide that any member associated with the series has voting rights that differ from other members or series, or no voting rights at all." NRS 86.296(2). Third, if a series LLC follows certain corporate formalities, "[t]he debts, liabilities, obligations and expenses incurred, contracted for or otherwise existing with respect to a particular series are enforceable *against the assets of that series only*, and not against the assets of the company generally or any other series." NRS 86.296(3) (emphasis added). When these statutory provisions are met, series LLCs are treated as entities separate from the master LLC for purposes of suing and being sued.

Both the FHFA and Saticoy point to other states' statutes that include express language indicating whether a series LLC is a separate entity. Nevada has no such equivalent. Consequently, this court must rely upon the plain language of the statute, which defines a series LLC as a "limited-liability company." NRS 86.1255; *see* NRS 86.281 (noting that both the master LLC and the series LLC "may exercise the powers and privileges granted" by NRS Chapter 86); *see also Zilverberg*, 137 Nev. at 72, 481 P.3d at 1230 (noting that this court looks to the plain language of the statute and enforces the statute as written).

This court's prior jurisprudence has also recognized a series LLC as a separate legal entity from the master entity. In *A Cab*, this court emphasized the separate legal nature of series LLCs that follow the corporate formalities outlined in NRS 86.296(3). 137 Nev. at 824, 501 P.3d at 978 ("Series entities under the umbrella of a Series LLC either exist or not based on their compliance with NRS 86.296."). This court went on to

state "[t]he only way to assess the existence of the individual series entities for the purpose of judgment collection is through examining the operating agreements." *Id.*

Finally, under Nevada law, a master LLC may have different members and different voting rights than the series LLC. The master LLC may not be legally responsible for the acts of the series LLC. Logic dictates if a series LLC has observed corporate formalities, the series should be the named entity in a lawsuit against the series LLC.

## CONCLUSION

We answer the certified question as follows: A series LLC created pursuant to NRS 86.296 must be sued in its own name for the court to obtain jurisdiction over it, provided the series LLC has observed the corporate formalities provided for in NRS 86.296(3).

_____, J.
Bell

We concur:

_____, C.J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

_____, J.
Lee

_____, J.
Parraguirre

