137 Nev., Advance Opinion 49

IN THE SUPREME COURT OF THE STATE OF NEVADA

NATHAN ECHEVERRIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82030

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Certified question under NRAP 5 concerning the scope of Nevada's statutory waiver of sovereign immunity. United States District Court for the District of Nevada; Miranda M. Du, Judge.

*Question answered.*

Thierman Buck LLP and Joshua D. Buck, Leah L. Jones, and Mark R. Thierman, Reno,
for Appellant.

Aaron Ford, Attorney General, Heidi J. Parry Stern, Solicitor General, and Kiel B. Ireland, Deputy Attorney General, Carson City; Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Sheri M. Thome and James T. Tucker, Las Vegas,
for Respondent.

BEFORE THE SUPREME COURT, EN BANC.

21-26897

By the Court, STIGLICH, J.:

NRS 41.031(1) provides that "[t]he State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations," with certain exceptions. In this case, state employees brought suit in state district court, alleging that the State violated the federal Fair Labor Standards Act (FLSA) and related state law. The State removed the action to the United States District Court for the District of Nevada, which dismissed the state-law claims. The United States District Court has now certified a question to this court under NRAP 5, asking us to decide whether NRS 41.031(1) constitutes a waiver of Nevada's sovereign immunity from damages liability under the FLSA and analogous state law.

Preliminarily, because there are no state-law claims currently pending in the federal district court, we note that attempting to answer the certified question as it pertains to analogous state law would require us to render an advisory opinion. This, we cannot do. Therefore, although we accept the federal district court's certified question as to the FLSA, we narrow the scope of the question to exclude analogous state law. Answering the certified question as reframed, we hold that the plain text of NRS 41.031(1) leaves no room for construction: Nevada has waived the defense of sovereign immunity to liability under the FLSA.

## BACKGROUND

Appellant Nathan Echeverria is an employee of the Nevada Department of Corrections (NDOC). In 2014, he and several other NDOC employees filed a putative class and collective action complaint on behalf of

 

themselves and similarly situated employees in Nevada state court, naming both the State of Nevada and NDOC (collectively, the State) as defendants. They alleged that the State required them "to work an estimated extra hour per shift 'off-the-clock'—i.e., without compensation." The employees alleged that this constituted a violation of the FLSA and the state Minimum Wage Amendment (MWA), and was also a breach of contract under state law.

The State removed the action to the United States District Court for the District of Nevada. During the ensuing years of litigation, the employees added a state-law claim for overtime under NRS 284.180. Ultimately, the federal district court dismissed the state-law claims, although it dismissed at least two of the claims without prejudice.[1] The litigation eventually came to center on the question of whether the State possessed sovereign immunity. The district court found that the State waived its "Eleventh Amendment immunity" by removing the case to federal court, citing *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 616 (2002). The State appealed to the Ninth Circuit Court of Appeals.

The Ninth Circuit affirmed, albeit on somewhat narrower grounds, in *Walden v. Nevada*, 945 F.3d 1088 (9th Cir. 2019). It held that "a State that removes a case to federal court waives its *immunity from suit* on all federal-law claims in the case." *Id.* at 1090 (emphasis added). The

---

[1]The federal district court was uncertain whether the MWA applied to the State in its capacity as an employer and considered certifying that question to this court. Rather than litigate the issue, however, the parties agreed to dismiss the MWA claim without prejudice. The court dismissed the NRS 284.180 claim, also without prejudice, for failure to exhaust administrative remedies. The court dismissed the breach of contract claim with prejudice after finding that the claim was without merit.

court reasoned that under *Lapides*, it was "anomalous or inconsistent" for a State to invoke federal jurisdiction by removing the case and simultaneously claim Eleventh Amendment immunity, thereby denying federal jurisdiction. *Id.* at 1093 (quoting *Lapides*, 535 U.S. at 619); *see also Embury v. King*, 361 F.3d 562 (9th Cir. 2004). However, the Ninth Circuit was careful to distinguish "immunity from suit" in federal court from "immunity from liability," noting that it lacked appellate jurisdiction to consider an interlocutory claim of immunity from liability. *Walden*, 945 F.3d at 1091-92 & n.1. Thus, while the Ninth Circuit affirmed the district court's holding "that Nevada waived its Eleventh Amendment immunity as to [the employees'] FLSA claims when it removed this case to federal court," *id.* at 1095,[2] the court left open the question of whether the State retains sovereign immunity from liability.

More recently, in *Redgrave v. Ducey*, the Ninth Circuit explained that "[a] state's invocation of sovereign immunity from liability," if such a defense exists, "would be an affirmative defense to a congressionally created private right of action for damages, such as those under FLSA," even if the state has waived Eleventh Amendment immunity from suit in federal court. 953 F.3d 1123, 1125 (9th Cir. 2020). Other federal courts, while agreeing that removal waives a state's Eleventh Amendment immunity, have held that the state may continue to assert the affirmative defense of immunity from liability *if* it could have asserted that defense in state court. *See id.*; *Trant v. Oklahoma*, 754 F.3d 1158, 1173

---

[2]Given the Ninth Circuit's conclusion that the State waived its Eleventh Amendment immunity, NRS 41.031(3), which states that Nevada does not waive such immunity notwithstanding the general waiver in subsection 1, is not implicated by the federal district court's certified question.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

(10th Cir. 2014) ("A state does not gain an unfair advantage asserting in federal court an affirmative defense it would have had in state court."). *See also Alden v. Maine*, 527 U.S. 706, 713 (1999) ("[T]he sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment.").

On remand in this case, the employees argued that the Nevada Legislature plainly and unambiguously waived Nevada's sovereign immunity from liability by enacting NRS 41.031(1). The State responded that the statute waives the State's immunity from tort liability, but not from statutory liability, such as that created by the FLSA. The district court determined that this is an important state-law issue of first impression and certified the following question to this court:

> Has Nevada consented to damages liability for a State agency's violation of the minimum wage or overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §§ 206-207, or analogous provisions of state law, whether in enacting NRS § 41.031 or otherwise?

We accepted the certified question.

## DISCUSSION

*We elect to rephrase the certified question*

A certified question under NRAP 5 presents a pure question of law, which this court answers de novo. *Nautilus Ins. Co. v. Access Med., LLC*, 137 Nev., Adv. Op. 10, 482 P.3d 683, 687 (2021). This "court's role is limited to answering the questions of law posed to it." *In re Fontainebleau Las Vegas Holdings, LLC*, 127 Nev. 941, 955, 267 P.3d 786, 794-95 (2011). Nevertheless, this court retains the discretion to rephrase the certified questions as we deem necessary. *See, e.g., Byrd Underground, LLC v. Angaur, LLC*, 130 Nev. 586, 588, 332 P.3d 273, 275 (2014).

Here, the State urges us to rephrase the question by striking the words "or analogous provisions of state law." The State contends that the issue of immunity from liability as to the state-law claims is not properly before this court because the federal district court has dismissed those claims. The employees reply that they may revive at least some of those claims later in this litigation—either on appeal to the Ninth Circuit, or potentially before that if the federal district court allows them to do so.

Our power to answer certified questions is limited to "questions of law of this state which *may be determinative of the cause then pending* in the certifying court . . . ." NRAP 5(a) (emphasis added). "The phrase, 'may be determinative of the cause then pending,' was apparently made part of the 1967 Uniform Certification of Questions of Law Act to ensure that answers to certified questions were not merely advisory opinions." *Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 749, 137 P.3d 1161, 1163 (2006) (footnotes omitted). This court lacks the constitutional power to render advisory opinions. *Capanna v. Orth*, 134 Nev. 888, 897, 432 P.3d 726, 735 (2018) (citing *City of N. Las Vegas v. Cluff*, 85 Nev. 200, 201, 452 P.2d 461, 462 (1969)); *see Terracon Consultants Western, Inc. v. Mandalay Resort Grp.*, 125 Nev. 66, 72, 206 P.3d 81, 85 (2009) (noting that "we avoid answering academic or abstract matters that a certifying court may have included in posing its questions to this court").

With this in mind, we conclude that it would be improper for us to directly address the State's immunity from liability as to "analogous provisions of state law," because no state-law claims are currently "pending in the certifying court."[3] *See* NRAP 5(a). The employees' argument that

_____

[3]We note that because no state-law claim is currently pending, we need not decide which provisions of state law are "analogous" to the FLSA.

they may reassert state-law claims later in the case—even immediately upon the return of this case to federal court—only serves to underscore that those claims are not *now* "pending in the certifying court."[4] Whether the State is immune from state-law claims that *might* be reasserted is beyond our power to decide.

It is true that we would arguably serve judicial efficiency by answering the certified question as presented by the federal district court. *Cf. Volvo Cars*, 122 Nev. at 751, 137 P.3d at 1164 (noting that court should consider judicial efficiency in deciding whether to answer a certified question). But mere considerations of efficiency cannot overcome the firm jurisdictional bar on advisory opinions. Accordingly, we elect to rephrase the certified question by striking "or analogous provisions of state law." As rephrased, the question reads:

> Has Nevada consented to damages liability for a State agency's violation of the minimum wage or overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §§ 206-207, whether in enacting NRS § 41.031 or otherwise?

---

[4]The employees' appendix to their reply brief includes a copy of a motion that they filed in the district court on May 27, 2021—after the State filed its answering brief in this court—seeking to reassert their dismissed claim under NRS 284.180. The employees argued that they have finally exhausted all available administrative remedies. But, as all proceedings in the district court have been stayed pending our resolution of the certified question, the district court has not at this time granted the motion, and so no state-law claims are *now* pending. Of course, once this case resumes in the federal district court, the decision whether to allow employees to reassert their claim will rest squarely with that court.

*Nevada has consented to damages liability under the FLSA*

Turning to the substance of the reframed certified question, we conclude that NRS 41.031(1) waives immunity from FLSA liability.[5] States have "'a residuary and inviolable sovereignty'" that protects them from suit in their own courts. *Alden*, 527 U.S. at 715 (quoting The Federalist No. 39, at 245 (James Madison) (C. Rossiter ed. 1961)). "A State's sovereign immunity is 'a personal privilege which it may waive at pleasure.'" *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (quoting *Clark v. Barnard*, 108 U.S. 436, 447 (1883)). In Nevada, the power to waive sovereign immunity is vested in the Legislature. *See* Nev. Const. art. 4, § 22; *Hill v. Thomas*, 70 Nev. 389, 398-99, 270 P.2d 179, 183-84 (1954). Exercising that power, the Legislature enacted NRS 41.031(1), which, as noted, provides that "[t]he State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations." The statute further provides for certain exceptions to, and limitations on, the waiver. *See id.*; *see generally* NRS 41.032-.039. For example, the State has not waived sovereign immunity from liability "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." NRS 41.032(2); *see, e.g., Clark Cty. Sch. Dist. v. Payo*, 133 Nev. 626, 635, 403 P.3d 1270, 1278 (2017) (holding that "discretionary-function immunity bars Payo's arguments that CCSD was negligent").

---

[5]Given this conclusion, we need not consider whether Nevada "otherwise" consented to damages liability under the FLSA. In particular, we do not reach the issue of whether the State waived immunity by failing to assert it early enough in the litigation.

This court interprets statutes according to their plain language, unless the statute is ambiguous, the plain meaning produces absurd results, or the interpretation was clearly not intended. *Young v. Nev. Gaming Control Bd.*, 136 Nev., Adv. Op. 66, 473 P.3d 1034, 1036 (2020). The plain language of NRS 41.031(1) waives the State's immunity from liability unless an express exception to the waiver applies. The State, however, has disclaimed any argument that an express exception to the waiver applies. Rather, the State contends that NRS 41.031(1) waives immunity from tort liability only, so the State retains immunity from statutory liability such as that created by the FLSA.[6]

We reject the State's contention, as it finds no support in the unambiguous text of NRS 41.031. "This court has 'repeatedly refused to imply provisions not expressly included in the legislative scheme.'" *Zenor v. State, Dep't of Transp.*, 134 Nev. 109, 110, 412 P.3d 28, 30 (2018) (quoting *State Indus. Ins. Sys. v. Wrenn*, 104 Nev. 536, 539, 762 P.2d 884, 886 (1988)). "[I]t is not the business of this court to fill in alleged legislative omissions based on conjecture as to what the legislature would or should have done." *Id.* at 111, 412 P.3d at 30 (alteration in original) (quoting *McKay v. Bd. of Cty. Comm'rs of Douglas Cty.*, 103 Nev. 490, 492, 746 P.2d 124, 125 (1987)). If the Legislature meant to pass a law that waived immunity from one category of liabilities only, it could easily have done so expressly. *Cf.* N.J.

---

[6]The employees contend that even if NRS 41.031 *were* limited to waiving tort liability, claims under the FLSA *do* sound in tort. The Oregon Court of Appeals has so held. *Byrd v. Or. State Police*, 238 P.3d 404, 405 (Or. Ct. App. 2010). Because we conclude that NRS 41.031 is not limited to tort liability, we do not reach this argument or express any opinion thereon. We observe that the issue of whether FLSA claims sound in tort has the potential to affect the *extent* of the State's liability. *See* NRS 41.035(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

Stat. Ann. § 59:13-3 (New Jersey "waives its sovereign immunity from liability *arising out of an express contract or a contract implied in fact*" (emphasis added)); Or. Rev. Stat. § 30.265(1) (providing that "every public body is subject to civil action *for its torts*" (emphasis added)). The Legislature did not do that. We will not speculate that it simply forgot to.

Further, regarding NRS 41.031, this court has recognized "the basic notion that Nevada's qualified waiver of sovereign immunity is to be broadly construed." *Martinez v. Maruszczak*, 123 Nev. 433, 441, 168 P.3d 720, 725 (2007). "The apparent legislative thrust was to waive immunity and, correlatively, to strictly construe limitations upon that waiver." *State v. Silva*, 86 Nev. 911, 914, 478 P.2d 591, 593 (1970), *abrogated on other grounds by Martinez*, 123 Nev. at 433-34, 168 P.3d at 726-27. Thus, "[i]n a close case we must favor a waiver of immunity and accommodate the legislative scheme." *Id.* To hold that the State is immune from any claim that does not sound in tort would be a dramatic and atextual curtailment of Nevada's waiver of sovereign immunity. Doing so would also undermine this state's public policy, reflected in NRS 41.031, that the State should generally take responsibility when it commits wrongs.[7]

---

[7]The State cites cases from other jurisdictions that hold that those jurisdictions' waivers of sovereign immunity must be strictly construed against waiver. *E.g.*, *Lane v. Pena*, 518 U.S. 187, 192 (1996). Those cases do not control our interpretation of Nevada law. And Nevada has long taken a different approach.

SUPREME COURT
OF
NEVADA

(O) 1947A

10

The State cites numerous cases in which we have applied NRS 41.031 in the context of tort claims and have accordingly described the statute as a "qualified waiver of sovereign immunity from tort liability." *Martinez*, 123 Nev. at 439, 168 P.3d at 724; *see also Franchise Tax Bd. of Cal. v. Hyatt*, 133 Nev. 826, 835, 407 P.3d 717, 728 (2017) ("Nevada has waived traditional sovereign immunity from tort liability . . . ."), *rev'd and remanded on other grounds*, 139 S. Ct. 1485 (2019); *Harrigan v. City of Reno*, 86 Nev. 678, 680, 475 P.2d 94, 95 (1970) ("The purpose of the waiver of immunity statute was to compensate victims of government negligence in circumstances like those in which victims of private negligence would be compensated."), *abrogated on other grounds by Martinez*, 123 Nev. at 433-34, 168 P.3d at 726-27. The State overreads these statements, however, as a statute's meaning is not necessarily limited to those cases in which it has already been applied. *See Bostock v. Clayton County*, 140 S. Ct. 1731, 1750 (2020) ("When a new application [of a statute] emerges that is both unexpected and important . . . [courts do not] decline to enforce the plain terms of the law . . . ."). The cases cited by the State all explained that Nevada has waived immunity from tort liability, with limited exceptions. But not one of these cases addresses nontort liability at all. And the State points to no case that has held that Nevada has not waived immunity from nontort liability.

The State relies particularly heavily on a 50-year-old passing reference in *Harrigan v. City of Reno* to NRS 41.031 et seq. as "the tort liability act." 86 Nev. at 680, 475 P.2d at 95. As indicated above, however, *Harrigan* was a tort case that did not address nontort forms of liability.

Moreover, the Legislature did not give these statutes that name.[8] Thus, the dictum from *Harrigan* cannot bear the weight the State places on it.

The State makes several other arguments in support of its theory that NRS 41.031(1) applies only to torts. None of these arguments defeat the plain and unambiguous language of the statute. For example, the State points out that all of the exceptions to and limitations on the waiver of sovereign immunity concern torts. *See, e.g.*, NRS 41.035. This fact does not support the proposition that the *waiver itself* only concerns torts. Quite to the contrary, the fact that the Legislature expressly mentions torts in NRS 41.035 shows that the Legislature was capable of writing a statute that addressed tort liability only—and chose *not* to do so in NRS 41.031. Further, the State's resort to legislative history cannot create ambiguity where there is none. *See State, Div. of Ins. v. State Farm Mut. Auto Ins. Co.*, 116 Nev. 290, 293, 995 P.2d 482, 485 (2000). But even if we considered the legislative history, it does not show that the Legislature waived immunity from tort liability exclusively.

We conclude by noting our agreement with the State on one point. The State argues that the Legislature would not "silently waive Nevada's sovereign immunity from statutory liability." In other words, a court should not find a major legislative decision—like waiving sovereign

---

[8]If courts and attorneys insist upon referring to NRS 41.031 et seq. by a name rather than by a code citation, we think "government liability act" more accurately reflects the content of the statutes. *Cf. City of Stockton v. Superior Court*, 171 P.3d 20, 27-28 (Cal. 2007) (adopting the practice of referring to California's claims statute as the "Government Claims Act," rather than the "Tort Claims Act," in recognition that the statute applies to claims other than torts).

 

immunity—hidden in an unlikely place. That is absolutely correct so far as it goes. But in our view, when the Legislature enacted NRS 41.031, which declares that "[t]he State of Nevada hereby waives its immunity from liability," the Legislature did not do anything "silently." *Cf. Bostock*, 140 S. Ct. at 1753 ("We can't deny that today's holding . . . is an elephant. But where's the mousehole?"). NRS 41.031 is written in "starkly broad terms," *see id.*, and we have consistently interpreted it broadly in accordance with its text, *Martinez*, 123 Nev. at 441, 168 P.3d at 725. We continue that tradition today.

## CONCLUSION

We answer the certified question, as rephrased in this opinion, as follows: Yes, by enacting NRS 41.031(1), Nevada has consented to damages liability for a State agency's violation of the minimum wage or overtime provisions of the federal Fair Labor Standards Act.

_____, J.
Stiglich

We concur:

_____, C.J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Silver

_____, J.
Herndon